**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-22440-CIV-WILLIAMS**

DONALD J. TRUMP, *et al.*,

    Plaintiffs,

vs.

FACEBOOK, INC., *et al.*,

    Defendants.

_____/

## ORDER CERTIFYING CONSTITUTIONAL QUESTION

**THIS MATTER** is before the Court on Plaintiffs' Notice of Constitutional Question ("***Notice***"). (DE 5.) On July 7, 2021, Plaintiffs filed the Complaint in the instant matter seeking, *inter alia*, declaratory judgment that Section 230 of the federal Communications Decency Act is unconstitutional. (DE 1, at 38.) On July 9, 2021, Plaintiffs filed the Notice, stating that the Complaint against Defendants "challeng[es] the constitutionality of Section 230 . . . ." (DE 5, at 1.) Counsel for Plaintiffs has certified to the Court that they served the U.S. Attorney General with the Notice via certified mail. (*Id.* at 2.)

Under 28 U.S.C. § 2403(a), "In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress . . . is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene . . . ." Rule 5.1 of the Federal Rules of Civil Procedure outlines in more detail how courts must proceed when a constitutional challenge to a federal or state statute is at issue in a matter.[1] *See also Ga. Ass'n of*

---

[1] Under Rule 5.1(a), if a party raises in a paper or pleading the constitutionality of a federal statute, and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity, the party must promptly file a notice of constitutional question. The party must serve the notice and complaint on the U.S. Attorney General, either by certified or registered mail or by sending it to an electronic address designated by the Attorney General for this purpose. Fed. R. Civ. P. 5.1(a)(2).

*Retarded Citizens v. McDaniel*, 855 F.2d 805, 811 n.3 (11th Cir. 1988) (28 U.S.C. § 2403(a) and the Federal Rules of Civil Procedure "require[]" courts to "notify the Attorney General [if a] case rais[es] a question of . . . constitutionality"); *Thatcher v. Tenn. Gas Transmission Co.*, 180 F.2d 644, 648 n.7 (5th Cir. 1950) ("The statute [28 U.S.C. § 2403(a)] should not be ignored and it is the duty of the trial Court to see that it is observed"), *cert. denied*, 340 U.S. 829 (1950); *Merrill v. Town of Addison*, 763 F.2d 80 (2d Cir. 1985) (citing *Wallace v. Liebman*, 366 F.2d 254, 257 n.8 (2d Cir. 1966)) ("The legislative history of [Section] 2403(a) reflects Congress' intent that the notice not be discretionary . . . ."). Thereafter, "[u]nless the [C]ourt sets a later time, the [A]ttorney [G]eneral may intervene within 60 days after the notice is filed or after the [C]ourt certifies the challenge, whichever is earlier." Fed. R. Civ. P. 5.1(c).

Therefore, pursuant to 28 U.S.C. § 2403(a), the Federal Rules of Civil Procedure, and appropriate authority, it is **ORDERED AND ADJUDGED** that the Court **CERTIFIES** a constitutional question to the U.S. Attorney General. The Clerk of Court is **DIRECTED** to immediately transmit the Notice to U.S. Attorney General Merrick Garland, along with copies of the Complaint (DE 1), by certified mail, return receipt requested, at the following address: The Honorable Merrick Garland, U.S. Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001.

Further, in accordance with Rule 5.1(c) of the Federal Rules of Civil Procedure, the U.S. Attorney General may intervene on behalf of the United States in this matter on or before **September 7, 2021**—60 days after Plaintiffs filed the Notice of Constitutional Question. (DE 5.)

**DONE AND ORDERED** in Chambers in Miami, Florida on this 21st day of July, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE