UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:21-CV-22440-WILLIAMS/MCALILEY

DONALD J. TRUMP, the Forty- Fifth
President of the United States, ELIZABETH
ALBERT, KIYAN AND BOBBY
MICHAEL, JENNIFER HORTON,
ANDRES CABOS, MAGALYS RIOS, AND
MARIA RODRIGUEZ-FRESNEDA,
INDIVIDUALLY AND ON BEHALF OF
THOSE SIMILARLY SITUATED,

      Plaintiff and the Class,
vs.

FACEBOOK, INC., and
MARK ZUCKERBERG,

      Defendants.
_____/

**PLAINTIFF'S AMENDED MOTION TO EXCEED PAGE LIMITATIONS**

Plaintiff, Donald J. Trump ("Plaintiff"), hereby moves for an Order permitting Plaintiff to file a Motion for a Preliminary Injunction and Memorandum in Support ("Motion") that exceeds the page limitation set by Local Rule 7.1(c), specifically, to file a motion of approximately seventy-five (75) pages in length, excluding portions excepted by S.D. Fla. L. R. 7.1(c).

**M EMORANDUM OF POINTS AND AUTHORITIES**

In support of this Motion to exceed the twenty-page limitation set by Local Rule 7.1(c), Plaintiff states as follows: Local Rule 7.1(c) prohibits him from filing motions and incorporated memoranda of law that exceeds twenty pages without prior permission of the Court. In connection with his four-count Complaint, Plaintiff will be moving for a Preliminary Injunction against the above-named Defendants who operate a massive social media company that violates the First

Amendment and is designed to use unfair trade practices based on Defendants' misleading representations that treats consumers differently, using differing standards to censor them. These deceptive representations have likely injured hundreds of thousands of consumers across the country. The Defendant's ongoing practices violate the First Amendment to the U.S. Constitution, and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat.  501.201 et seq., which prohibits deceptive and unfair practices in or affecting commerce. ln light of the number of parties involved, and the voluminous evidence illustrating Defendant's illegal activity, Plaintiff requires more than twenty pages to set forth adequately the legal and factual basis for the requested relief, and to demonstrate that this case requires a Preliminary Injunction enjoining Defendants, allowing Plaintiff to demonstrate that he has satisfied the burden of proof necessary.

In addition to an ordinary case where twenty pages is more than adequate for the evaluation of a Motion for Preliminary Injunction, this case requires:

(1) the showing of multiple facts within the Memorandum of Law that prove Plaintiff's claims, well beyond those within the accompanying Declarations;

(2) the existence of multiple constitutional issues that have not been litigated in any court in the Southern District of Florida; and

(3) the existence of several factual and legal issues that have not been litigated under the new Florida social media statute, SB7072, which went into effect on July 1, 2021, both under the Florida Unfair and Deceptive Trade Practices Act and the United States Constitution.

Plaintiff expects the final filed copy of the motion to be approximately seventy-five (75) pages in length, excluding the pages excepted by S.D. Fla. L. R. 7.1(c).

WHEREFORE, for the reasons stated above, the Plaintiff respectfully requests that this Honorable Court permit Plaintiff to file his Motion in excess of twenty pages, and, more specifically, to file a motion of approximately seventy-five (75) pages in length, excluding portions excepted by S.D. Fla. L. R. 7.1(c).

Respectfully submitted by,

*/s/ Matthew Lee Baldwin, Esq*
Fla. Bar No.: 27463
Email:  Matthew@VargasGonzalez.com
**Vargas Gonzalez Baldwin Delombard, LLP**
815 Ponce de Leon Blvd., Third Floor
Coral Gables, Florida 33134

### CERTIFICATE OF CONFERRAL

Pursuant to S.D. Fla. L.R. 7.1, the Motion for a Preliminary Injunction does not require a pre-filing conferral. Accordingly, Plaintiff requests leave from this Honorable Court to file said motion in excess of the local rule page limit. Defendants will be served with the Motion for Preliminary Injunction immediately after it is filed.

By: */s/ Matthew Lee Baldwin, Esq*
Fla. Bar No.: 27463

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Exceed Page Limitations was served by CM/ECF filing system on August 16, 2021, on all counsel or parties of record on the service list.

Respectfully submitted,

By: */s/ Matthew Lee Baldwin, Esq*
Fla. Bar No.: 27463

Email: Matthew@VargasGonzalez.com
**Vargas Gonzalez Baldwin Delombard, LLP**
815 Ponce de Leon Blvd., Third Floor
Coral Gables, Florida 33134

## SERVICE LIST

JOHN P. COALE
2901 Fessenden St. NW
Washington, D.C. 20008
johnpcoale@aol.com
Telephone: (202) 255-2096

THE DUDENHEFER LAW FIRM L.L.C
FRANK C. DUDENHEFER, JR.
fcdlaw@aol.com
2721 St. Charles Ave, Suite 2A
New Orleans, LA 70130
Telephone: (504) 616-5226

IVEY, BARNUM & O'MARA
JOHN Q. KELLY
jqkelly@ibolaw.com
MICHAEL J. JONES

mjones@ibolaw.com

ROLAND A. PAUL
rpaul@ibolaw.com

RYAN S. TOUGIAS
rtougias@ibolaw.com

SEAN M. HAMILL
*(Pro Hac Vice Forthcoming)*
shamill@ibolaw.com

170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Facsimile: (203) 661-9462