IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

|  |  |
|---|---|
| DONALD J. TRUMP, the Forty-Fifth President of the United States, ELIZABETH ALBERT, KIYAN AND BOBBY MICHAEL, JENNIFER HORTON, ANDRES CABO, MAGALYS RIOS, AND MARIA RIDRIGUEZ-FRESNEDA, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., and MARK ZUCKERBERG,<br><br>Defendants. | Case No. 1:21-cv-22440-KMW-CMM |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
THE DE FACTO ATTORNEYS GENERAL, SPECIAL FORCES OF LIBERTY, AND
WARRIORS OF CHRIST MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

This Court should deny non-party amici De Facto Attorneys General, Special Forces of Liberty, and Warriors of Christ's, ("DSW") single Motion for Leave to submit its proposed amicus brief regarding Plaintiffs' Amended Complaint. Courts have squarely held that amicus briefs like those submitted by DSW here are improper, particularly at the district court level. DSW's arguments are not ripe, Defendants have not been served, and the relief requested is impractical at best.

First, the DSW is merely applying its view of the law to what it imagines to be the facts of the case, rather than providing any unique assistance to the Court. That is not the proper role of an amicus, and it is particularly misguided here because DSW lacks any knowledge of the facts of this case other than those asserted within the Amended Complaint. The Defendants have not been served, discovery has not commenced, Defendants have not asserted defenses, nor made any pleadings whatsoever, and DSW does not offer any reason why they would be privy to a different factual scenario than Plaintiff would show. DSW's motion for amicus is not ripe.

Second, DSW argues that they will be able to be able to "cut through an immunity defense" if the law changes. (Doc. 27, p. 8). This, of course, is doubly speculative because they do not know that the law will change and they do not know what they would argue given the final version of that law, whenever that is. DSW does not know what Plaintiff intends to argue, either. Additionally, DSW argues that they will "represent their own interests as censored consumers, whose work with the state legislatures in 37 states will be greatly impacted by the outcome of this case." (Doc. 27, p. 11).

While individuals can represent themselves, generally, that is not relevant here, as this is a class action suit where individuals are allowed to either join or file an action separately. Apparently, from a review of the approximately 156 pages DSW filed before this Court, they are lobbying for a new social media law in 37 states. DSW argues that "President Trump should use his personal connections to press Governor Desantis to immediately hold a special session" to pass the law that DSW wants passed. (Doc. 27, p. 10, fn. 4). The brief is exclusively dedicated to advocating for the passage of the Stop Social Media Censorship Act, the proposed bill in Florida that DSW wants to become law. DSW have not alleged any facts related to that bill. DSW also asks that Plaintiffs "amend their complaint and file a cause of action under the existing deceptive

trade practice law, which the Court might also [sic] fall in the state-law exemption under Section 230." (Doc. 27, p. 10, fn. 4). The Plaintiffs' Amended Complaint before this Court, however, pleads facts and has a claim under the Florida Unfair and Deceptive Trade Practices Act, mooting DSW's request.

DSW's motion should be denied and Plaintiffs object to it entirely.

## ARGUMENT

Courts routinely reject amicus participation to argue the facts of a case when the party is fully capable of presenting its arguments in the district court. In addition, "[Prior Restraint] amounts to a flagrant, indefensible, and continuing violation of the First Amendment[,]" where the injury occurs at "[e]very moment's continuance" of it. *New York Times Co. v. United States*, 403 U.S. 713, 714, 715 (1971). Plaintiff objects to any request from DSW for any kind of delay or continuance of the case.

A district court's "acceptance of an . . . amicus curiae should be allowed only sparingly, unless the amicus has a special interest, or unless the Court feels that existing counsel need assistance." *News and Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 31 (S.D. Fla. 1988) (quotation and citation omitted); see also *Sierra Club v. Fed. Emergency Mgmt. Agency*, No. H-07-0608, 2007 U.S. Dist. LEXIS 84230, at *3 (S. D. Tex. Nov. 14, 2007) ("[A] district court lacking joint consent of the parties should go slow in accepting . . . an amicus brief unless . . . the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance."). Thus, courts hold that "[a]n amicus who argues facts should rarely be welcomed." *Sierra Club*, 2007 U.S. Dist. LEXIS 84230, at *4. Moreover, a district court "should also consider whether the individual or organization seeking to file the amicus brief is an advocate for one of the parties," *Id*. at *6, and the court should "deny permission to file an amicus

brief that essentially duplicates a party's brief." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542 (7th Cir. 2003) (Posner, J.). Additionally, the general circumstances for which amicus are limited are not present here. *Dibbs v. Hillsborough Cty.*, Fla, No. 8:12-CV-2851-T-36TGW at *1 (M.D. Fla. Dec. 4, 2014).

Here, DSW's proposed brief is improper for these very reasons. First, DSW merely purports to apply its view of the law to what it believes to be the facts of the case, rather than provide any unique assistance to the Court. That is not the proper role of an amicus. See *Sierra Club*, 2007 U.S. Dist. LEXIS 84230, at *4; *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985). Moreover, DSW's brief would be misleading in this case because there has been no discovery and they cannot possibly know how Plaintiffs plan or wish to pursue this case, other than reading the pleadings. Therefore, DSW's Motion is not ripe and inherently speculative.

Plaintiffs' counsel is perfectly capable of presenting all the arguments relevant to this case in its own judgment and has every incentive to present all the arguments advanced by DSW, if they are proper or otherwise advance the Plaintiffs' case. The fact that DSW argues that the instant case should be held in abeyance, so that the Plaintiff, the 45th President of the United States, would have time effectively to lobby the Florida Governor to pass the law for which DSW are advocating in 37 states, calls into question whether it is legally meritless.

As this Court is well aware, cases are tried upon current cases or controversies, "Article III of the Constitution also limits the jurisdiction of the federal courts to claims that are ripe. *Beaulieu v. City of Alabaster*, 454 F.3d 1219, 1228 (11th Cir. 2006). The ripeness doctrine prevents the courts from 'entangling themselves in abstract disagreements' by avoiding premature adjudication. *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1315 (11th Cir. 2000)." *Faas v. Clinton*, 722 Fed. Appx. 913, 915 (11th Cir, 2018). DSW has not shown how this

4

abeyance-to-lobby process should work, who will pay for their lobbying plans that involve the Plaintiff, nor whether the final version of the law will be pleasing to them if and when passed in Florida.

For example, they claim that *if* their new law is passed, Plaintiff *should* use it in a new cause of action, because their desired law "will not be preempted under the doctrine of preemption and will cut through any Section 230 immunity defense." (Doc. 27, p. 10).  In other words, it is based on wild prognostications and is entirely speculative, obviously challenged by the need for courts to have jurisdiction to address a current case or controversy.  Lastly, DSW asserts that Plaintiff should state a claim under the Florida Deceptive and Unfair Trade Practices Act, which Plaintiff currently does.  The main reasons for DSW's motion are speculative—that their law will or should be passed with additional lobbying efforts.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny DSW's Motion for Leave to File Amicus Curiae Brief.

| | |
|---|---|
| */s/ Matthew Lee Baldwin* | */s/ Carlos Trujillo* |
| Matthew L. Baldwin, Esq. | Carlos Trujillo, Esq. |
| Florida Bar No. 27463 | Florida Bar No. 42697 |
| | |
| VARGAS GONZALEZ | *Of Counsel* |
| BALDWIN DELOMBARD, LLP | VARGAS GONZALEZ |
| 815 Ponce De Leon Blvd., Third Floor | BALDWIN DELOMBARD, LLP |
| Coral Gables, FL  33134 | 815 Ponce De Leon Blvd., Third Floor |
| Telephone: 305.631.2528 | Coral Gables, FL  33134 |
| E-mail: Matthew@VargasGonzalez.com | Telephone: 305.631.2528 |
| E-service: Service8@VargasGonzalez.com | E-mail: Ctrujillo@VargasGonzalez.com |
| | E-service: Service8@VargasGonzalez.com |

JOHN P. COALE (*Pro Hac Vice*)

2901 Fessenden St. NW
Washington, D.C. 20008
Telephone: (202) 255-2096
E-mail: johnpcoale@aol.com

JOHN Q. KELLY (*Pro Hac Vice*)
E-mail: jqkelly@ibolaw.com

MICHAEL J. JONES (*Pro Hac Vice*)
E-mail: mjones@ibolaw.com

RYAN S. TOUGIAS *(Pro Hac Vice)*
E-mail: rtougias@ibolaw.com

IVEY, BARNUM & O'MARA, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Facsimile: (203) 661-9461

RICHARD P. LAWSON, ESQ.
Florida Bar No. 165085

LUIS MARTINEZ-MONFORT, ESQ.
Florida Bar No. 0132713

Gardner Brewer Martinez-Monfort P.A.
400 North Ashley Drive, Ste. 1100
Tampa, Florida 33602
(813) 221-9600 Telephone
(813) 221-9611 Fax
Primary Email: rlawson@gbmmlaw.com
Secondary
Email: litigation@gbmmlaw.com

**CERTIFICATE OF SERVICE**

A true copy of the foregoing was emailed, mailed, or sent to the amici under the electronic case filing (ECF) system to the following individuals on August 18, 2021: Christopher Sevier, Esq., at 118 16th Ave S, No. 247, Music Row, Nashville, TN, 37203, (615) 500-4411; ghostwarsmusic@gmail.com; Greg Degeyter, Esq., 9898 Bissonnet St, Ste 626, Houston, TX, 77036, (713) 505-0524; degeyterlaw@gmail.com.

By:  Matthew Lee Baldwin