UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-22440-CIV-WILLIAMS

DONALD J. TRUMP, *et al.*,

    Plaintiffs,

v.

FACEBOOK, INC., *et al.*,

    Defendants.

_____/

### ORDER DENYING MOTION FOR LEAVE TO FILE AMICUS BRIEF

**THIS MATTER** is before the Court on the motion for leave to file a brief as amici curiae, filed by Chris Sevier, John Gunter, Jr., and Rich Penkoski (collectively, "***amici***"). (DE 27.) Plaintiffs have filed a response. (DE 33.) For the following reasons, the amici's motion (DE 27) is **DENIED**.

As background, in the above-captioned case, Donald J. Trump and putative class members (collectively, "***Plaintiffs***") have initiated an action against Facebook, Inc. and Mark Zuckerberg (collectively, "***Defendants***"), alleging that Defendants violated the First Amendment and seeking declaratory judgment that Section 230 of the federal Communications Decency Act, codified at 47 U.S.C. § 230, is unconstitutional. (DE 1; DE 16.) In an amended complaint, Plaintiffs have brought additional claims against Defendants under the Florida Deceptive and Unfair Trade Practices Act, codified in relevant part at Fla. Stat. §§ 501.2041, 501.211, seeking damages and injunctive relief. (DE 16 at 52-56.) On August 4, 2021, the amici filed a motion for leave to file a brief as amici curiae. (DE 27.) The amici seek to file an amicus brief "on the narrow issue of standing, given how the original complaint is pled." (*Id.* at 1.)

District courts "possess[] the inherent authority to appoint *amici* to assist in a proceeding." *City of South Miami v. DeSantis*, 2019 WL 9514566, at *1 (S.D. Fla. Dec. 10, 2019) (quoting *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1501 (S.D. Fla. 1991)). "As a corollary to such power, district courts also have the inherent authority to deny leave to file an

amicus curiae brief." *United States v. UBS AG*, 2009 WL 10669118, at *1 (S.D. Fla. May 19, 2009) (citing *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008)). "The circumstances under which an *amicus* brief is considered desirable . . . are limited . . . ." *Dibbs v. Hillsborough Cty., Fla.*, 2014 WL 12839780, at *1 (M.D. Fla. Dec. 4, 2014). Courts typically allow *amicus* briefs when: (1) a party in a matter is "not represented competently or is not represented at all"; (2) the *amici* "has an interest in some other case that may be affected by the decision in the present case"; or (3) when the *amici* "has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide." *Id.* (quoting *Citizens Against Casino Gambling in Erie Cty. v. Kempthorne*, 471 F. Supp. 2d 295, 311 (W.D.N.Y. 2007) (internal quotations omitted)).

I. **DISCUSSION**

First, the amici have not stated that they do not believe that either party is represented competently, nor have they proffered any evidence to suggest that is the case. Plaintiffs are represented in this matter by counsel, and Plaintiffs' counsel has stated that they are "perfectly capable of presenting all the arguments relevant to this case . . . ." (DE 33 at 4.) As of the date of this Order, it remains unclear whether Defendants have been served. However, the Court cannot infer from this—and the amici have not provided the Court with any authority to suggest it can— that Defendants will be unrepresented in this matter, should Plaintiffs execute service and Defendants make an appearance.

Second, the amici state that they have filed "a lawsuit against the [U.S.] Attorney General on the same topic."[1] (DE 27 at 1-2.) However, the amici fail to state in their motion how or why

---

[1] It appears from the amici's motion that this lawsuit is *Chris Sevier, De Facto Attorneys General, John Gunter, Special Forces of Liberty, Richard Penkoski, Warriors for Christ v. Merrick Garland and Ron DeSantis*, No. 1:21-CV-22577, filed here in the Southern District of Florida before Judge Darrin P. Gayles. In the complaint, the plaintiffs state, "This case creates a binary that asks for a logically consistent outcome by the Judicial branch, who is tasked with the obligation to interpret Section 230, the Stop Social Media Censorship Act, and SB7072 in view of the doctrine of preemption created by the Supremacy Clause and the First Amendment of the United States Constitution." Compl. (ECF No. 1), *Sevier et al. v. Garland et al.*, No. 1:21-CV-22577.

this lawsuit "'may be affected by the decision in the present case.'" *Dibbs*, 2014 WL 12839780, at *1 (quoting *Citizens Against Casino Gambling in Erie Cty.*, 471 F. Supp. 2d at 311).

Third, it appears that the amici do not have "unique information or perspective[s]" to assist the Court in determining whether Plaintiffs have standing to sue Defendants. While the amici claim that they "have litigated Section 230 issues and social media censorship before a host of [f]ederal [c]ourts" (DE 27 at 2), they fail to state how or why these cases enable them to assist the Court on the issue of standing here. Further, the amici's efforts in introducing and advocating for the passage of state legislation and testifying before various legislative committees neither relate to the issue of standing nor to any other justiciable issue in this matter.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the amici's motion for leave to file a brief as *amici curiae* (DE 27) in this matter is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida on this <u>18th</u> day of August, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE