# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

FILED BY _____AP_____ D.C.

Mar 18, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

March 18, 2022

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 21-14038-E
Case Style: In re: David Christenson
District Court Docket No: 1:21-cv-22440-KMW

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Any pending motions are now rendered moot in light of the attached order.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Gloria M. Powell, E
Phone #: (404) 335-6184

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-14038-E

_____

DONALD J. TRUMP,
the Forty-Fifth President of the United States,
ELIZABETH ALBERT,
BOBBY MICHAEL,
KIYAN MICHAEL,
JENNIFER HORTON, et al.,

                                          Plaintiff-Appellees,

versus

FACEBOOK, INC.,
MARK ZUCKERBERG,

                                          Defendant-Appellee.

DAVID ANDREW CHRISTENSON,

                                          Interested Party - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before: NEWSOM, BRANCH, and BRASHER, Circuit Judges.

BY THE COURT:

      This appeal is DISMISSED for lack of jurisdiction. David Christenson appeals from a "paperless order" issued by the district court. Mr. Christenson's notice of appeal is deficient

because it fails to designate the judgment or order being appealed and, thus, does not provide sufficient notice to the other parties about what he intends to appeal. *See* Fed. R. App. P. 3(c)(1)(B). Additionally, Mr. Christenson lacks standing to appeal any of the paperless orders issued before he filed his notice of appeal because he is not a party to the case and none of the paperless orders impacted him. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988); *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353–54 (11th Cir. 2003).

Furthermore, to the extent Mr. Christenson's notice of appeal could be construed as an attempt to challenge the district court's order denying his motions and striking his filing from the record, we lack jurisdiction because the court had not yet issued that order when the notice of appeal was filed. *See Bogle v. Orange Cty. Bd. of Cty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (recognizing that a notice of appeal must designate an existent judgment or order, not one that is merely expected or within the appellant's contemplation when the notice of appeal is filed).

All pending motions are DENIED as moot.